

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

May 31, 2017

The Honorable Harold V. Dutton, Jr.
Chair, Committee on Juvenile Justice
 and Family Issues
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0150

Re: Whether municipal courts are authorized to report juvenile convictions for drug paraphernalia offenses to the Texas Department of Public Safety (RQ-0143-KP)

Dear Representative Dutton:

You ask whether any statutory authority requires municipal courts to report juvenile convictions for drug paraphernalia offenses to the Texas Department of Public Safety ("Department").[1] You inform us that municipal courts typically report all convictions to the Department. Request Letter at 1. When municipal courts attempt to report juvenile drug paraphernalia convictions, however, you tell us the Department refuses acceptance and returns the reports with the "notation to change the listing of these convictions to the delinquent conduct category." *Id.* You question both the Department's authority to reject the reports and a municipal court's authority to classify juvenile criminal convictions as delinquent conduct. *Id.*

We begin with a review of the jurisdiction of municipal courts pertaining to juvenile criminal conduct. A municipal court may under certain circumstances exercise jurisdiction over juveniles for penal offenses other than traffic violations, but the jurisdiction extends only to criminal offenses punishable by fine only. *See* TEX. GOV'T CODE § 29.003(b) (jurisdiction of municipal court over criminal cases arising under State law); TEX. FAM. CODE § 51.08(b) (circumstances in which municipal court may exercise jurisdiction over juvenile offender). Municipal courts have no jurisdiction over juvenile offenders for offenses punishable by confinement. *See* TEX. GOV'T CODE § 29.003(b)(2), (c) (excluding offenses punishable by confinement from municipal court's jurisdiction). Rather, a juvenile's conduct—other than a traffic offense—that violates a penal law of this State and is punishable by confinement constitutes "delinquent conduct," and juvenile courts have exclusive jurisdiction over cases involving delinquent conduct. TEX. FAM. CODE §§ 51.03(a)(1) (defining delinquent conduct), .04(a) (vesting juvenile courts with exclusive jurisdiction over cases involving juveniles engaged in delinquent

---

[1]Letter from Honorable Harold V. Dutton, Jr., Chair, House Comm. on Juvenile Justice & Family Issues, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 21, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

conduct). With respect to drug paraphernalia charges, municipal courts only have jurisdiction over juveniles for the offense of possession of drug paraphernalia, which is a Class C misdemeanor punishable by fine only and does not constitute delinquent conduct. *See* TEX. HEALTH & SAFETY CODE § 481.125(a), (d) (defining offense of possession of drug paraphernalia); TEX. PENAL CODE § 12.23 (penalty range for Class C misdemeanor convictions).[2]

Regarding the reporting requirements for this offense, we are not aware of any statute requiring a municipal court to report to the Department juvenile convictions for possession of drug paraphernalia. While Texas law does require courts to report certain drug-related convictions to the Department, no statute of which we are aware requires municipal courts to report juvenile convictions for this particular offense. Under the Family Code and Code of Criminal Procedure, the Department is responsible for maintaining two statewide computerized databases containing criminal records, the Juvenile Justice Information System (JJIS) and the Computerized Criminal History System (CCHS). *See generally* TEX. FAM. CODE §§ 58.101–.113 (JJIS); TEX. CODE CRIM. PROC. arts. 60.01–.21 (CCHS). Courts may have a duty to report to the Department certain drug-related convictions for the purpose of maintaining these databases. *See, e.g.*, TEX. CODE CRIM. PROC. art. 60.05 (requiring CCHS to contain disposition of cases by courts for certain offenses); TEX. FAM. CODE § 58.108 (requiring juvenile courts to report certain data to the Department to maintain JJIS). State law does not, however, require the Department to collect or retain criminal records—for either database—related to misdemeanors punishable by fine only. *See* TEX. FAM. CODE § 58.104(a) ("[T]he [JJIS] shall consist of information relating to delinquent conduct committed by a juvenile offender that, if the conduct had been committed by an adult, would constitute a criminal offense other than an offense punishable by a fine only . . . ."); TEX. CODE CRIM. PROC. art. 60.05 (requiring CCHS to contain "information for each arrest for a felony or a misdemeanor not punishable by fine only").[3]

The Transportation Code may additionally require courts to report to the Department certain drug-related convictions affecting a person's driver's license. *See* TEX. TRANSP. CODE

---

[2]In addition to the offense of possession, State law also creates an offense for the delivery of drug paraphernalia that is a Class A misdemeanor or state jail felony, depending on circumstances, and punishable by fine and/or confinement in jail. *See* TEX. HEALTH & SAFETY CODE § 481.125(b), (c), (e), (f); *see also* TEX. PENAL CODE §§ 12.21, .35. As a municipal court's criminal jurisdiction over cases arising under State law does not extend to offenses punishable by confinement, we assume your reference to "drug paraphernalia convictions" refers to convictions for the Class C misdemeanor offense of possession punishable by fine only. *See* TEX. HEALTH & SAFETY CODE § 481.125(a), (d).

[3]Consistent with these statutes, the Department's administrative rules pertaining to these databases also do not require the collection or retention of information related to misdemeanors punishable by fine only. *See* 37 TEX. ADMIN. CODE §§ 27.54 (2017) (Tex. Dep't of Pub. Safety, Types of Info. Collected in the Juvenile Justice Info. Sys.) ("[T]he [JJIS] shall consist of information relating to delinquent conduct committed by a juvenile offender that, if the conduct had been committed by an adult, would constitute a criminal offense other than an offense punishable by fine only."), .101(c) (Tex. Dep't of Pub. Safety, Comput. Crim. History Sys.) ("Local law enforcement and criminal justice agencies must report, and the department must retain, the information required by Texas Code of Criminal Procedure, Chapter 60.").

§§ 521.342, .372(a) (listing convictions resulting in license suspension); *see also id.* § 521.347(b) (requiring courts to report to the Department convictions for offenses resulting in license suspension). Municipal courts have no duty, however, to report juvenile convictions for possession of drug paraphernalia for this purpose, as conviction of this offense does not result in the suspension or denial of a juvenile's driver's license. *See id.* §§ 521.342, .372(a) (listing convictions resulting in license suspension). Rather, the Transportation Code contains two provisions requiring the suspension of a juvenile's license for conviction of certain drug-related offenses, neither of which requires license suspension for conviction of possession of drug paraphernalia.[4] *See id.* §§ 521.342, .372(a).

First, section 521.342 provides that the conviction of a person under the age of 21 for certain drug-related offenses will result in license suspension, but the provision specifically excludes "misdemeanor[s] punishable by fine only" from the list of offenses resulting in license suspension for juveniles. *See id.* § 521.342(a). In addition to this provision, section 521.372(a) lists three categories of drug-related offenses resulting in license suspension for *any* person. *Id.* § 521.372(a). The first category resulting in license suspension is conviction of an offense under the federal Controlled Substances Act. *Id.* §§ 521.371(a), .372(a)(1). However, as possession of drug paraphernalia is not an offense under this federal law, this provision does not apply. *See* 21 U.S.C. § 863(a) (Controlled Substances Act prohibiting the sale or transportation of drug paraphernalia but not creating an offense for possession). The second category resulting in license suspension is conviction of a "drug offense," defined, in relevant part, as possession of a substance prohibited under the federal Controlled Substances Act. *See* TEX. TRANSP. CODE §§ 521.372(a)(2), .371(a) (defining "drug offense" as having the meaning assigned under 23 U.S.C. § 159(c)); 23 U.S.C. § 159(c)(2) (defining "drug offense," in relevant part, as any criminal offense proscribing the "possession . . . [of] any substance the possession of which is prohibited under the Controlled Substances Act"). Again, as federal law does not prohibit the possession of drug paraphernalia, this provision is also inapplicable. *See* 21 U.S.C. § 863(a). Finally, convictions for certain felonies under the Health and Safety Code will also result in license suspension, but this provision has no applicability to misdemeanor offenses. *See* TEX. TRANSP. CODE § 521.372(a)(3). Possession of drug paraphernalia, therefore, does not fall within any of the categories requiring license suspension.[5]

Accordingly, State law does not require municipal courts to report to the Department juvenile convictions for possession of drug paraphernalia for the purpose of maintaining the State's criminal history databases or for license suspension purposes. Beyond these provisions, we are not aware of any other statutory authority requiring a municipal court to report or the Department

---

[4]A juvenile court has additional statutory authority to suspend a juvenile driver's permit or license. *See* TEX. FAM. CODE § 54.042(f).

[5]If a juvenile fails to obey an order of a municipal court, the court may hold the child in contempt and order the Department to suspend the contemnor's driver's license or permit until the contemnor fully complies with the court's orders. TEX. CODE CRIM. PROC. art. 45.050(c)(2)(B). To effectuate the suspension, however, the court reports the contempt order—rather than the underlying offense—to the Department. *See* TEX. TRANSP. CODE § 521.3451 (providing that Department shall suspend license upon receipt of contempt order).

to accept reports of such convictions.[6]  Having so concluded, we need not address your remaining question regarding how municipal courts should report such offenses to the Department.

---

[6]A brief submitted by the Texas Juvenile Justice Department likewise concludes that State law does not require municipal courts to report juvenile drug paraphernalia convictions to the Department. *See* Brief from Jill Mata, Gen. Counsel, Tex. Juvenile Justice Dep't at 3 (Jan. 10, 2017) (on file with the Op. Comm.).

## S U M M A R Y

We are not aware of any statute requiring municipal courts to report to the Texas Department of Public Safety juvenile convictions for the misdemeanor offense of possession of drug paraphernalia.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

ASHLEY FRANKLIN
Assistant Attorney General, Opinion Committee